UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cheryl M. Barksdale and Allen W. Barksdale,

       Plaintiffs,

v.

Green Tree Servicing LLC,

       Defendant.

_____/

Case No. 14-cv-10403
Hon. Judith E. Levy
Mag. Judge Michael J. Hluchaniuk

**OPINION AND ORDER GRANTING DEFENDANT'S
AMENDED MOTION TO DISMISS [11]**

  This case arises out of plaintiffs Cheryl and Allen Barksdale's ("plaintiffs") claim that defendant Green Tree Servicing LLC violated the Fair Debt Collection Practice Act ("FDCPA"), the Michigan Collection Practices Act ("MCPA"), and committed fraud by carrying out certain prohibited debt collection practices. Before the Court is defendant Green Tree's amended motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(a). (Dkt. 11).

Oral argument was held on November 3, 2014. For the reasons set forth on the record, Count III was dismissed and the motion with respect to Counts I and II were taken under advisement.

For the reasons set forth below, the Court finds that plaintiffs' complaint fails to allege a claim for relief under the FDCPA or MCPA and therefore GRANTS Green Tree's motion to dismiss.

I. Background

On November 2, 2007, plaintiffs Cheryl and Allen Barksdale ("plaintiffs" or "the Barksdales") executed a mortgage with Quicken Loans as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender and mortgagee, to secure property at 19486 Santa Barbara Drive, Detroit, Michigan (the "property"). (Dkt. 10 at 7). Bank of America transferred servicing of the mortgage to Green Tree on September 1, 2011. (Dkt. 10-1).

On December 13, 2012, Green Tree sent a notice of default to plaintiffs, alleging failure to submit payments for November and December 2012. (Dkt. 10-2). Following a default by reason of non-payment, plaintiffs began negotiations with defendant to mitigate their

loss by way of a short sale. (Dkt. 10 at 7). On January 29, 2013, Green Tree sent notice to plaintiffs that their accounts had been forwarded to an attorney to begin foreclosure proceedings. (Dkt. 10 at 8). The mortgage was assigned by Quicken Loans to Green Tree on February 7, 2013. (Dkt. 10 at 8).

On June 4, 2013, defendant's attorney notified plaintiffs that Green Tree would be proceeding with a foreclosure sale on July 11, 2013. (Dkt. 10 at 9). Green Tree purchased the property at the sheriff's sale on July 11, 2013, for $43,425.55, and subsequently recorded the deed with the Wayne County Register of Deeds on July 22, 2013. (Dkt. 11 at 8). Green Tree quit claimed the property to Fannie Mae on July 16, 2013. (Dkt. 10-12). On January 22, 2014, Green Tree recorded the deed with the Wayne County Register of Deeds. (Dkt. 10-12).

After the sheriff's sale, plaintiffs provided Green Tree with "borrower response package" documents regarding foreclosure prevention alternatives. (Dkt. 10 at 9). Green Tree responded with notice of receipt of plaintiffs' responsive documents on November 18, 2013, and on December 16, 2013. (Dkt. 10-13, 14). In the latter notice,

3

Green Tree indicated that it needed additional time to review the records and determine its response to plaintiffs' request for loss mitigation assistance. (Dkt. 10-14). Plaintiffs' attorney contacted defendant's counsel again days before filing suit to see if defendant would "get something indicating that [the company would] go through with the short sale even after the redemption period [ran]" to avoid litigation. (Dkt. 10-11).

On or around January 10, 2014,[1] plaintiffs filed suit in Wayne County Circuit Court, where a temporary restraining order was issued on January 17, 2014. The case was removed to federal court on January 28, 2014. (Dkt. 1).

II.  Standard of Review

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean*

---

[1] Some documents state that the complaint was filed on January 10, 2014, while other documents state that the complaint was filed on January 15, 2014.

*Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

   III.    Analysis

    A. Defendant's Motion Will Be Construed as a Motion to Dismiss for Failure to State a Claim on Which Relief Can Be Granted.

"When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (analyzing a motion under Rule 12(b)(6)) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir.2008)). Considering evidence outside the complaint "effectively converts the motion to dismiss to a motion for summary judgment." *Winget*, 537 F.3d at 576. This rule is not ironclad, however. The Court may consider documents either referenced in the plaintiff's complaint or central to plaintiff's claims in a motion to dismiss without

converting the motion into one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

On review of the record, nonetheless, the Court need not rely on the documents attached to defendant's motion. Accordingly, the Court will treat defendant's motion as one to dismiss under Rule 12(b)(6).

B. Failure to State a Claim

The FDCPA's purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Because the FDCPA is a remedial statute, [the Court must] construe its language broadly, so as to effect its purpose." *Stratton v. Portfolio Recovery Assocs.*, LLC, 770 F.3d 443 (6th Cir. 2014) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

Liability under the FDCPA is limited to debt collectors. A "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. 1692a(6). Section 1692a(6)(F)(iii) provides an exception for mortgage service companies that service outstanding debts for others, so long as the debts were not in default *at the time servicing was assigned. Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) (emphasis added); *see also De Dios v. Int'l Realty & RC Invs.*, 641 F.3d 1071, 1075 n.3 (9th Cir. 2011) (detailing the legislative history of the FDCPA). Accordingly, a "debt collector" is not one who attempts to collect his or her own debt. *See Montgomery v. Huntington Bank,* 346 F.3d 693, 698–99 (6th Cir. 2003) ("[A] creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts."); *see also Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 104 (6th Cir.1996) ("A debt collector does not include the consumer's creditors."). A loan servicer may qualify as

7

an exempt creditor or may "become a debt collector," depending on whether default occurred before or after the debt was assigned for servicing. *Bridge*, 681 F.3d at 359.

Plaintiffs assert that defendant is a debt collector under the FDCPA and MCPA because "at the time the debt was transferred to it from MERS it was in default." (Dkt. 10 at 3). This is a misapplication of the law. Generally speaking, "an entity that did not originate the debt in question but acquired it and attempts to collect on it [] is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired." *Bridge*, 681 F.3d at 359  The Sixth Circuit clarified this approach with respect to loan servicers, explaining, as previously noted, that whether a loan servicer is a debt collecter depends on whether the debt was in default or treated as if it were in default when it was assigned for servicing. *Id.*; *see also Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir.). "Where the debt was assigned for servicing before default of the loan, the assignee is exempt from the [FDCPA] because the assignee becomes a creditor and is collecting its own debt." *Martin v. Select Portfolio Serving Holding*

8

*Corp.*, 2008 WL 618788 at *4 (S.D. Ohio 2008)). Bank of America transferred mortgage servicing to Green Tree more than a year before Green Tree notified the plaintiffs of their default. (Dkt. 10 at 7). Accordingly, when Green Tree acquired the debt after it went into default, it was still acting as a creditor collecting its own debt. To hold otherwise would defy logic and require the Court to consider Green Tree, for purposes of the FDCPA, a creditor when it acquired loan servicing rights and a debt collector when it acquired the debt (even after it subsequently transferred the debt to Fannie Mae). This approach would contravene the Sixth Circuit's ruling in *Bridge*.

The Court, thus, finds that defendant was not a debt collector ad defined by the FCPA and the MCPA.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

Defendant Green Tree Servicing LLC's amended motion to dismiss for failure to state a claim (Dkt. 11) is GRANTED.

Plaintiff Cheryl Barksdale's complaint is DISMISSED with prejudice.

9

IT IS SO ORDERED.

Dated: December 17, 2014           <u>s/Judith E. Levy</u>
Ann Arbor, Michigan              JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2014.

                                           <u>s/Felicia M. Moses</u>
                                           FELICIA M. MOSES
                                           Case Manager